```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

| | | |
|---|---|---|
| YHB MANAGEMENT CORP., | : | |
| | : | |
|     Plaintiff, | : | Civil Action No.: |
| | : | 4:21-cv-00191-CDL |
| v. | : | |
| | : | |
| FOUNTAIN BLEAU CAPITAL, LLC and TETON MANAGEMENT CORP., | : | |
| | : | |
|     Defendants. | : | |

## DEFAULT JUDGMENT

Plaintiff YHB Management Corp. ("YHB") filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2), along with supporting affidavits and evidence. Having reviewed and considered YHB's Motion and the supporting materials submitted therewith, and having considered all other relevant matters of record, this Court finds and concludes and follows.

YHB filed its Complaint in this case on November 10, 2021. [Doc. no. 1, Pl's. Complaint]. Defendant Teton Management Corp. ("Teton") was personally served with the Complaint on February 16, 2022, and the return of service was filed that same day. [Doc. no. 7]. Defendant Fountain Bleau Capital, LLC ("Fountain Bleau") was personally served with the Complaint on February 16, 2022, and the return of service was filed that same day. [Doc. no. 8].

1

More than 21 days passed after service of the Complaint on Teton and Fountain Bleau and no answer or other defensive pleadings were filed by either Defendant. The Clerk of Court entered a default on March 23, 2022.

The Court may enter a default judgment under Federal Rule of Civil Procedure 55(b) if Plaintiff's well-pleaded factual allegations state a claim for relief. By their default, Defendants admitted the factual allegations in Plaintiff's complaint. *See, e.g., Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. . . .' ") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). These admitted allegations include:

- Defendants Teton and Fountain Bleau entered into a contract to sell a property called the Seabreeze Property to YHB (the "Contract"). Compl. ¶ 10, ECF No. 1.
- Defendants Teton and Fountain Bleau represented that they had "no information or actual knowledge of any significantly adverse facts or conditions related to the Property or its present use which have not been specifically disclosed in writing by Seller to Buyer, and Seller has no actual knowledge of any fact or condition of any kind or character which materially affects the present

2

- value of the Property including, but not limited to, water, sewer or other infrastructure deficiencies or damage located on or affecting the Property." *Id.* ¶ 15.

- Defendants Teton and Fountain Bleau also represented that they had not "used Hazardous Materials on, from, or affecting the Property, or any portion thereof, in any manner which violates federal, state, or local laws, ordinances, rules, regulations, or policies governing the use, storage, treatment, transportation, manufacture, refinement, handling, production, or disposal of Hazardous Materials, and, to Seller's knowledge, no prior owner, tenant, subtenant occupant, prior subtenant, or prior occupant has used Hazardous Materials on, from or affecting the Property, or any portion thereof, in any way which violates federal state or local laws, ordinances, rules, regulations, or policies governing the use, storage, treatment, transportation, manufacture, refinement, handling, production or storage of hazardous materials. *Id.*

- Despite these representations, the water and sewer lines on the Property were severely damaged and that a costly complete rebuild of the sewer lines would be necessary, and Defendants Fountain Bleau and Teton knew it before entering the Contract. *Id.* ¶¶ 18-20.

3

- Paragraph 18(a) of the Contract provides:

  If Seller fails to perform its obligations or covenants under this Contract or if any of Seller's warranties or representations set forth herein are inaccurate, Buyer may, at Buyer's option, (a) enforce specific performance of this Contract and seek damages for Seller's breach, or (b) Buyer may terminate the Contract, in which case the entirety of the Earnest Money ($150,000.00) shall be forthwith returned to Buyer, Buyer's third party reports shall be reimbursed by Seller, and Buyer's due diligence costs (the "Due Diligence Costs") shall be reimbursed by Seller with said Due Diligence Costs reimbursement to be capped at $200,000, and if all of the foregoing are not paid to Buyer this shall become a lien and cloud on the Property. Seller shall not be considered in default hereunder unless Seller has received written notice of the claimed default and failed to cure the default within five (5) days after receiving such notice.

  *Id.* ¶ 21; Compl. Ex. 1, Contract ¶ 18(a), ECF No. 1-1.

- Paragraph 18(b) of the Contract provides that "[s]hould either party employ an attorney or attorneys to enforce any of the provisions of this Contract or to protect its interest in any matter arising under this Contract or to recover damages for breach of Contract, if such party prevails in any final judgment, such party shall be entitled to recover from the non-prevailing party all reasonable costs, charges and expenses, including attorney's fees, expended or incurred in connection therewith."

  Compl. ¶ 35; Contract ¶ 18(b), ECF No. 1-1.

4

By virtue of their failure to file an answer or otherwise file any defensive pleadings, Defendants have admitted these factual allegations by default. These factual allegations establish that Defendants Teton and Fountain Bleau breached the Contract by making materially false and misleading representations and warranties.

YHB submitted the Affidavit of Chaim Shemano in support of the damages it claims in the amount of $84,696.39, along with various invoices supporting the damages claimed. Shemano Aff., ECF No. 11-1. As to the attorney's fees paid to Page, Scrantom, Sprouse, Tucker & Ford, P.C. in the amount of $12,468.78 (which are included in the total damages claimed), YHB has likewise submitted the Affidavit of Alan G. Snipes, who has averred that the attorney's fees and expenses sought were reasonable and necessary for the prosecution of this case. Snipes Aff., ECF No. 2.

Having considered the Affidavits of Mr. Shemano and Mr. Snipes, to which no objections have been raised, the Court finds and concludes that the evidence supports a default judgment in favor of Plaintiff YHB Management Corp. against Defendants Fountain Bleau Capital, LLC and Teton Management Corp. in the amount of $84,696.39, plus all costs of this action.

Pursuant to Fed. R. Civ. P. 55(b)(2), the Court therefore enters a **DEFAULT JUDGMENT** in favor of Plaintiff YHB Management

Corp. against Defendants Fountain Bleau Capital, LLC and Teton Management Corp., jointly and severally, in the amount of $84,696.39, plus all costs of this action.

IT IS SO ORDERED, this 6th day of April, 2022.

                                      __S/Clay D. Land
                                      HONORABLE CLAY D. LAND
                                      District Judge
                                      United States District Court
                                      for the Middle District of Georgia
                                      Columbus Division