IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

YHB MANAGEMENT CORP.,              *

    Plaintiff,                    *

vs.                               *

                                   CASE NO. 4:21-CV-191 (CDL)

FOUNTAIN BLEAU CAPITAL, LLC and   *
TETON MANAGEMENT CORP.,
                                 *

    Defendants.                   *

_____   *

O R D E R

Plaintiff served both Defendants with the complaint in this action via Defendants' registered agent, George Whaling. Defendants did not timely answer the complaint, and the Clerk entered a default. Plaintiff later filed a motion for default judgment, which the Court granted. Two weeks after the Court granted the motion for default judgment, Defendants filed a motion to set aside the judgment. As discussed below, the motion to set aside (ECF No. 14) is granted.

DISCUSSION

The Court "may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) permits the Court to relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Defendants argue that the Court should set aside the judgment here based on excusable neglect. Neglect

encompasses "omissions caused by carelessness." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). "Excusable neglect" can be shown when "the failure to comply with a filing deadline is attributable to negligence." *Chege v. Georgia Dep't of Juv. Just.*, 787 F. App'x 595, 598 (11th Cir. 2019) (per curiam) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 394).[1]

"Whether a party's non-compliance with a deadline constitutes 'excusable neglect' is an equitable decision turning on 'all relevant circumstances surrounding the party's omission,'" including the following factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Chege*, 787 F. App'x at 589 (alteration in original) (quoting *Pioneer Inv. Servs.*, 507 U.S. at 395). And, to justify setting aside a default due to "mistake, inadvertence, or excusable neglect, the defaulting party must show that '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing

---

[1] The Supreme Court in *Pioneer Investment Services* interpreted Federal Rule of Bankruptcy Procedure 9006(b)(1), and the Eleventh Circuit extended the rule to Rule 60 cases. *Chege*, 787 F. App'x at 598.

to reply to the complaint.'" *Coniglio v. Bank of Am., NA*, 638 F. App'x 972, 974-75 (11th Cir. 2016) (per curiam) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)).

In *Coniglio*, for example, a panel of the Eleventh Circuit concluded that the district court abused its discretion in denying a motion to set aside a default judgment where the defendant failed to timely answer due to "an administrative failure." *Id.* at 975. A little over two weeks after the default judgment was entered, the defendant filed its motion to set aside the default judgment. The panel concluded that the equities favored the defendant. First, the plaintiffs were not prejudiced because "simple delay is insufficient for prejudice as is requiring a party to prove its case on the merits." *Id.* Second, "the length of the delay was small" because the defendant "moved to set aside the default judgment mere days after its entry." *Id.* "Third, the reason for the delay was an administrative failure." *Id.* Fourth, the defendant "did not engage in bad faith in misplacing the complaint." *Id.*

Turning to the facts at issue here, Whaling is the president of both Defendants. Defendants are "real estate investors who own and operate nine . . . mobile home parks" and buy and sell mobile home parks. Whaling Aff. ¶¶ 4-5, ECF No. 14-1. When the complaint was served on Whaling, he "was

involved with three sales and four acquisitions" for Defendants, plus communications regarding the day-to-day operations of the mobile home park that is the subject of this action. *Id.* ¶ 7, 9. At the same time, Defendants were short-staffed, so Whaling was working long hours to fill multiple roles in addition to making plans to move his elderly parents to an assisted living facility. *Id.* ¶¶ 7-10. Although Defendants had previously hired a Georgia attorney to attempt to resolve this matter with Plaintiff, the attorney notified Whaling that he would not become involved in the litigation due to lack of timely payment by the local management company. *Id.* ¶¶ 11-12. Whaling "recognized that the Defendants had been sued when [he] was served with process," though he "set the lawsuit aside with plans to retain counsel and have an Answer filed." *Id.* ¶ 13. But then he "failed to assure the Defendants timely responded to the Complaint." *Id.* ¶ 14. When Whaling learned of the default judgment, he "immediately began to search for counsel," and Defendants promptly filed their motion to set aside the default two weeks after the default judgment was entered. *Id.* ¶ 16.

The Court is satisfied that these facts establish a failure to comply with a filing deadline because of negligence. Whaling admits that he got the complaint but neglected to follow up on it when he got distracted by his other work and family responsibilities. As soon as he realized his mistake, Whaling

set about fixing it, and Defendants filed their motion to set aside only two weeks after the default judgment was entered. It was a short delay, there is no prejudice to Plaintiff based on a simple delay or being required to prove its case on the merits, and Defendants did not act in bad faith in misplacing the complaint. In addition, Defendants presented evidence which, if believed, could constitute meritorious defenses to Plaintiffs' claims that might affect the outcome of the action. Plaintiffs allege that Defendants knew of serious problems with their property before contracting to sell the property to Plaintiffs, warranting that they had no knowledge of significantly adverse facts or conditions related to the property. Whaling, though, avers that Defendants had no knowledge of the problems before Defendants entered the contract to sell the property to Plaintiffs. Whaling Aff. ¶¶ 19-22. For all these reasons, the Court finds that Defendants established excusable neglect and are entitled to an order setting aside the judgment.

CONCLUSION

As discussed above, the motion to set aside the default judgment (ECF No. 14) is granted. Defendants shall answer or otherwise respond to the Complaint by October 21, 2022.

IT IS SO ORDERED, this 30th day of September, 2022.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA